J-S44029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK A. GNACINSKI, JR. | |
| Appellant | No. 59 WDA 2015 |

Appeal from the PCRA Order Entered December 12, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001036-2012

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.                **FILED NOVEMBER 25, 2015**

Appellant, Mark A. Gnacinski, Jr., appeals from the December 12, 2014 order of the Court of Common Pleas of Erie County (PCRA court) denying him relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows:

In and around October 2011, [Appellant] came into possession of a stolen .38 caliber Smith and Wesson which he offered to sell to Mr. Timothy Lawrence.  Lawrence did not initially accept that offer.  Around the same time, Lawrence was charged with driving while his operator's license was suspended or revoked. In an attempt to avoid a mandatory minimum jail sentence, he contacted law enforcement agents and offered to cooperate.  At that time, the agents were interested in "getting guns off the street[.]"  He advised the agents that he knew some guys who sold guns.  In particular, he told them that [Appellant] had offered to sell him a gun a few weeks before for $300.  There was a rumor that it had been stolen from a police officer.  As a result, Lawrence participated in an undercover investigation which, after a number of phone calls and text messages, eventually led to the purchase of the gun and drugs from [Appellant].  [Appellant] proceeded to trial and on July 24, 2013, the jury returned a guilty verdict on the charge of receiving

stolen property (Count 3) involving the firearm.[1]  It was deadlocked on Count 1 (unlawful delivery of hydrocodone),[2] firearms not to be carried without a license (Count 4),[3] sale of firearms, (Count 5)[4] and criminal use of a communication facility (Count 6).[5]  It found [Appellant] not guilty of possession of hydrocodone (Count 2).[6]

. . . .

On October 4, 2013, [Appellant] was sentenced to serve 9 to 20 months imprisonment, followed by 24 months of consecutive probation.  Subsequently, the Commonwealth elected not to try [Appellant] on the deadlocked counts. [Appellant] filed a post-sentence motion which was denied by this [c]ourt.  On November 1, 2013, he took a timely appeal.  He alleged that this [c]ourt erred when it refused to instruct the jury on the affirmative defense of entrapment as it applied to the receiving stolen property charge.  Appellate counsel filed an [**Anders v. California**, 386 U.S. 738 (1967)] brief and, after review, the Pennsylvania Superior Court found that the claim had been waived.[7]  Therefore, the judgment of sentence was affirmed.

PCRA Court Opinion, 11/21/14, at 1-2.

On September 25, 2014, Appellant timely filed a first PCRA petition *pro se*.  The PCRA court appointed counsel, who filed a supplemental petition on November 13, 2014.  On December 12, 2014, the PCRA court entered a final order denying Appellant's PCRA petition, and this appeal followed.  Appellant was not ordered to file a Pa.R.A.P. 1925(b) concise statement of errors

---

[1] 18 Pa.C.S.A. § 3952.

[2] 35 Pa.C.S.A. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6106 (a)(1).

[4] 18 Pa.C.S.A. § 6111(c).

[5] 18 Pa.C.S.A. § 7512(a).

[6] 35 Pa.C.S.A. § 780-113(a)(16).

[7] 1768 WDA 2013.

complained of on appeal. The PCRA court issued a Pa.R.A.P. 1925(a) opinion requesting that its December 12, 2014 order be affirmed for the reasons set forth in its Pa.R.A.P. 907 Notice. Pa.R.A.P. 1925(a) Opinion, 1/6/15.

On appeal, Appellant raises one issue for our review:

Whether the [PCRA court] erred in denying PCRA relief in that the Appellant was afforded ineffective assistance of counsel arising from counsel's failure to object to the trial court error in declining to instruct the jury as to the defense of entrapment in regard to the criminal charge of receiving stolen property in conjunction with all of the other criminal charges?

Appellant's Brief at 2.

"In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (internal quotation omitted). We apply a mixed standard of review, deferring to the PCRA court's factual findings and credibility determinations, but reviewing *de novo* its legal conclusions. *Id.* Additionally, we may affirm the PCRA court on any basis supported by the record. *Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014).

Appellant alleges that trial counsel was "ineffective in failing to assert an objection to the trial court's determination that the affirmative defense of entrapment did not apply to the count for receiving stolen property."

Appellant's Brief at 5. Appellant argues that, because the jury questioned whether they could apply the entrapment defense to any of the charges and, ultimately, was hung on four of the charges, that some members of the jury would have applied the defense of entrapment to the charge of receiving stolen property. *Id.* Appellant further argues that there was no legal basis to exclude the entrapment defense as to the charge of receiving stolen property. *Id.* at 6.

The PCRA allows relief for a petitioner who pleads and proves by a preponderance of the evidence ineffective assistance of counsel (IAC) "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." *Reyes-Rodriguez*, 111 A.3d at 779-80.

> To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. A petitioner must prove all three factors of the "*Pierce*[8] test," or the claim fails.

*Id.* at 780 (internal citations omitted). *Pierce* "reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and prejudice test

---

[8] *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

provided by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984)." **Commonwealth v. Eichinger**, 108 A.3d 821, 831 (Pa. 2014) (citing **Pierce**, at 527 A.2d at 976–77) (parallel citations omitted).

"A defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor." **Commonwealth v. Lightfoot**, 648 A.2d 761, 764 (Pa. 1994) (Opinion Announcing the Judgment of the Court) (quoting **Commonwealth v. Weiskerger**, 554 A.2d 10, 14 (Pa. 1989)). "Where a defendant requests a jury instruction on a defense, the trial court may not refuse to instruct the jury regarding the defense if it is supported by evidence in the record." **Commonwealth v. DeMarco**, 809 A.2d 256, 261 (Pa. 2002).

The defense of entrapment is defined by the Crimes Code as follows:

**(a) General rule.--**A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

> (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

> (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

**(b) Burden of proof.--**Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.

**(c) Exception.--**The defense afforded by this section is unavailable when causing or threatening bodily injury is an element of the offense charged and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

18 Pa.C.S.A. § 313.

The entrapment defense "is based upon an objective standard intended to deter overreaching on the part of law enforcement and those individuals acting in cooperation with law enforcement, such as confidential informants. However, the government may only be held accountable for the acts of a third party if those acts were taken at the request or direction of law enforcement." ***Commonwealth v. Willis***, 990 A.2d 773, 775-76 (Pa. Super. 2010).

Appellant argues that ***Commonwealth v. Phillips***, 654 A.2d 591 (Pa. Super. 1995), provides precedent for applying the entrapment defense to the charge of receiving stolen property. We agree with the PCRA court that Appellant's reliance on ***Phillips*** is misplaced. As the PCRA court stated:

> In ***Phillips***, the police set up a reverse sting operation targeting subjects who were buying or selling stolen merchandise. An undercover police officer went to Philips' grocery store and sold him a VCR that was in the original box displaying a Sears label. Phillips actually called Sears to determine if the VCR had been stolen. In spite of his efforts to verify ownership, the Commonwealth pressed the prosecution. The trial court dismissed a number of the counts pre-trial finding entrapment or due process violations. At trial, after the Commonwealth's case in chief, the trial court granted judgment of acquittal.
>
> The fact that the entrapment defense applied in ***Phillips*** is of no moment. In the case *sub judice*, the police conduct did not place the stolen item in [Appelant's] possession, nor did it affect any other element relevant to the commission of the crime. In fact, [Appellant's] possession of the stolen item predated the

- 6 -

undercover operation and continued through the police investigation in this case. Stated another way, the crime was committed independently of the police conduct. Moreover, their conduct did not provide [Appellant] an opportunity to commit the crime (which is not barred by the entrapment defense) or in any way influence him to commit it.

PCRA Court Opinion, 11/21/14, at 7-8.

Indeed, it is undisputed that Appellant was in possession of the firearm, the stolen item, before police involvement in the instant case. Trial counsel, therefore, could not have argued that the police, or anyone acting in cooperation with them, induced or encouraged Appellant to receive or retain the item. Because the record did not support an entrapment defense, the trial court did not err refusing to instruct the jury on entrapment regarding Appellant's receiving stolen property charge.

The test for ineffective assistance of counsel is cumulative, and failure to establish one of the three prongs is fatal to the claim. ***See Commonwealth v. Jones***, 951 A.2d 294, 302 (Pa. 2008) ("Failure to establish any one of these prongs is fatal to an appellant's claim."). Because the evidence in the record did not support the application of entrapment, trial counsel was not ineffective for failing to pursue this defense. Accordingly, Appellant's underlying legal claim is without arguable merit, and he cannot satisfy the first factor of the ***Pierce*** test. Consequently, we conclude that he is not entitled to relief on his IAC claim, and affirm the order of the PCRA court.

Order affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/25/2015</u>